IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:24cv00254 |
| MADELINE FFITCH<br>13222 Mill Creek Road<br>Millfield, OH  45761, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Mountain Valley Pipeline, LLC ("MVP"), by counsel, for its complaint against defendant Madeline Ffitch ("Ffitch"), states as follows:

## INTRODUCTION

1. This is an action for an injunction and damages for interference with work being performed by MVP in the Jefferson National Forest. The work is authorized by a Record of Decision issued by the United States Department of Agriculture, United States Forest Service, and Record of Decision and Right of Way Grant and Temporary Use Permit issued by the United States Department of Interior, Bureau of Land Management, and defendants are prohibited from entering the right of way and interfering with the work under a Right of Way Closure Order issued by the United States Department of Agriculture, United States Forest Service. Notwithstanding these rulings, Ffitch has willfully and unlawfully entered the right of way and interfered with authorized work. MVP therefore brings this action for injunctive and monetary relief.

Abingdon: 1267007-1

## PARTIES

2.  MVP is a natural gas company holding a certificate from the Federal Energy Regulatory Commission ("FERC") to construct and operate a new natural gas pipeline from Wetzel County, West Virginia, to Pittsylvania County, Virginia.

3.  Work on the project is expressly authorized under the Fiscal Responsibility Act of 2023, which became law on June 3, 2023. Pub. L. No. 118-5, 137 Stat. 10 (2023). In this Act, Congress found and declared that timely completion of the MVP project is required in the national interest, and Congress ratified and approved all authorizations for completion of the project. *Id.* at § 324(b), (c).

4.  Ffitch and the other unlawful protesters supporting her are individuals opposed to the MVP project who have entered the Jefferson National Forest to block the work that MVP is conducting there.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction under 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States."

6.  Specifically, this action involves the application, interpretation, and enforcement of the Record of Decision of the United States Department of Agriculture, United States Forest Service, and Record of Decision and Right of Way Grant and Temporary Use Permit issued by the United States Bureau of Land Management and the Closure Order entered by the United States Forest Service. The Right of Way Grant and

2

Abingdon: 1267007-1

Temporary Use Permit were issued pursuant to 30 U.S.C. § 185, and the Closure Order was entered pursuant to 16 U.S.C. § 551.

7.  Congress expressly ratified and approved these agency authorizations in the Fiscal Responsibility Act, and it directed the agencies to continue to maintain these authorizations and others necessary for the construction of the MVP pipeline. Section 324 of the Act expressly supersedes any law that is inconsistent with these authorizations.

8.  Venue is proper under 28 U.S.C. § 1391(b) in that the events in question occurred in this district.

## FACTS

9.  The MVP project runs from Wetzel County, West Virginia, to Pittsylvania County, Virginia, and its crosses approximately 3.5 miles of the Jefferson National Forest in Monroe County, West Virginia, and Giles County and Montgomery County, Virginia.

10.  On May 15, 2023, the United States Department of Agriculture, United States Forest Service, issued a Record of Decision approving the Right of Way Grant and Temporary Use Permit to MVP to cross the Jefferson National Forest. A copy of the Record of Decision is attached as Exhibit 1.

11.  On May 17, 2023, the United States of Interior, Bureau of Land Management, issued a Record of Decision authorizing the Right of Way Grant and Temporary Use Permit to MVP to cross the Jefferson National Forest. A copy of the Record of Decision is attached as Exhibit 2.

Abingdon: 1267007-1

12. On June 20, 2023, the United States Department of Interior, Bureau of Land Management, issued a Right of Way Grant and Temporary Use Permit for the MVP project. A copy of the Right of Way Grant is attached as Exhibit 3, and a copy of the Temporary Use Permit is attached as Exhibit 4.

13. On July 1, 2023, the United States Department of Agriculture, United States Forest Service issued a Right of Way Closure Order for the MVP project. A copy of the Right of Way Closure Order is attached as Exhibit 5.

14. Ffitch and the other unlawful protesters supporting her are members of a group of individuals who are unwilling to accept the fact that the MVP project is approved and can be constructed. Ffitch and the other unlawful protesters supporting her are participating in a direct action campaign aimed at stopping the project by unlawful means.

15. One of the primary tactics of the campaign is for unlawful protesters to enter the right of way and attach themselves to equipment or to the ground through sleeping dragon devices.

16. Although the unlawful protesters using the sleeping dragon devices can release themselves from the devices, law enforcement is required to assemble a cut team to saw through the devices in order to remove the individuals. As a result, removal of these individuals requires substantial resources of law enforcement and causes substantial delays and expenses for MVP.

17. On January 29, 2024, Ffitch, supported by other unlawful protesters, attached herself to drilling equipment in the right of way in the Jefferson National Forest

in Giles County and interfered with work.  Ffitch attached herself using a sleeping dragon device, and she had to be extracted by law enforcement.

18. Ffitch acted willfully, intentionally, and maliciously for the purpose of interfering with MVP's rights and work allowed under the Right of Way Grant and Temporary Use Permit and the Closure Order.

19. As a direct and proximate result, MVP has sustained damages, costs, and attorney fees.

20. As a direct and proximate result, MVP has sustained irreparable harm, and it is entitled to preliminary and permanent injunctive relief.

## COUNT ONE–FOR INTERFERENCE WITH MVP'S EASEMENT AND AUTHORIZED WORK

21. MVP adopts and incorporates by reference its allegations in paragraphs 1-20 above.

22. By attaching herself to equipment and refusing to leave, defendant Ffitch violated the rights of MVP under the Right of Way Grant and Temporary Use Permit and Closure Order.

23. As a direct and proximate result, MVP has sustained damages, costs, expenses, and attorney fees, and MVP is entitled to preliminary and permanent injunctive relief.

## COUNT TWO–FOR COMMON LAW CONSPIRACY

24. MVP adopts and incorporates by reference its allegations in paragraphs 1-23 above.

25. Ffitch and the other unlawful protesters supporting her have agreed and combined to accomplish by concerted action an unlawful purpose.

26. Ffitch and other unlawful protesters supporting her formed a plan and agreement to enter the right of way in the Jefferson National Forest in order to interfere with work on the MVP project.

27. Further, Ffitch and other unlawful protesters supporting her formed a plan and agreement to attach Ffitch to equipment on the right of way in the Jefferson National Forest in order to stop work there.

28. Ffitch and other unlawful protesters supporting her carried out the plan by constructing and transporting a sleeping dragon device that Ffitch could use to attach herself to the ground.

29. Ffitch and other unlawful protesters supporting her gathered in the Jefferson National Forest and entered MVP's right of way to carry out the plan.

30. Ffitch and other unlawful protesters supporting her arranged for Ffitch to have supplies for the attachment.

31. Ffitch and other unlawful protesters supporting her arranged for and placed in the right of way a banner promoting the unlawful action. The banner said: "STOP THE PIPELINE."

32. The other unlawful protesters supporting Fiftch took pictures of Ffitch and arranged for the pictures to be posted on social media with messages praising the unlawful actions.

33. Ffitch made a video for social media asking others to join in the unlawful effort, stating, "We are powerful together."

34. Ffitch could not have carried out the attachment without assistance from the other unlawful protesters. Ffitch and the other unlawful protesters supporting her worked together to carry out their unlawful plan and agreement.

35. The unlawful purpose of Ffitch and the other unlawful protesters supporting her was to delay or stop work on a project that Congress, the agencies, and the courts have determined should proceed.

36. Ffitch and the other unlawful protesters supporting her have attempted to accomplish their purpose by unlawful means.

37. The unlawful means include interference with the rights and easements of MVP in violation of the Right of Way Grant and Temporary Use Permit and Closure Order.

38. Each participant engaged in the common law conspiracy is jointly and severally liable for acts in furtherance of the conspiracy.

39. As a direct and proximate result, MVP has sustained damages, costs, expenses, and attorney fees, and it is entitled to injunctive relief.

## COUNT THREE–FOR STATUTORY CONSPIRACY

40. MVP adopts and incorporates by reference its allegations in paragraphs 1-39 above.

41. In violation of Virginia Code § 18.2-499A, defendant Ffitch and other unlawful protesters supporting her have combined, associated, agreed, and mutually undertaken and acted in concert together for the purpose of (i) willfully and maliciously injuring MVP in its reputation, trade, business, and profession and (ii) willfully and maliciously preventing or hindering MVP from doing or performing lawful work.

42. Ffitch and the other unlawful protesters supporting her are carrying out this statutory conspiracy through unlawful acts—interfering with MVP's rights and easements and violating the Right of Way Grant and Temporary Use Permit and Closure Order.

43. Each participant in the statutory conspiracy is jointly and severally liable for acts in furtherance of the conspiracy.

44. As a direct and proximate result of this statutory conspiracy, MVP has sustained damages, costs, expenses, and attorney fees and it is entitled to injunctive relief.

PRAYER

WHEREFORE, MVP prays that the Court:

1. Grant a preliminary and permanent injunction against defendant Ffitch prohibiting her from:

    (a) Entering MVP's property and easements;

    (b) Blocking access to MVP's property and easements;

    (c) Otherwise interfering with MVP's property and easements or the work of its contractors thereon;

    (d) Aiding, abetting, encouraging, or promoting any activities being enjoined by the Court; and

    (e) Soliciting or accepting money or other contributions for such activities.

  2. Make the injunctions binding on defendant Ffitch and her agents, servants, and employees and others in active concert and participation with her who have notice of the injunction.

  3. Award MVP compensatory damages against defendant Ffitch.

  4. Award MVP punitive damages against defendant Ffitch.

  5. Award MVP treble damages against defendant Ffitch under Count Three.

  6. Award MVP its costs, expenses, and attorney fees.

  7. Grant such other relief as the nature of the case may require.

        Respectfully submitted,

        MOUNTAIN VALLEY PIPELINE, LLC

        By Counsel

Wade W. Massie
 VSB No. 16616
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, Virginia  24212
Telephone:  276-628-5151
Facsimile:  276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By  */s/ Wade W. Massie*
        Wade W. Massie

10