IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:24-cv-254 |
| | ) | |
| MADELINE FFITCH, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNTS ONE, TWO, FOUR, AND SIX

Plaintiff Mountain Valley Pipeline, LLC ("MVP"), by counsel, for its response to the motion to dismiss filed by defendant Madeline Ffitch, Dkt. No. 8, states as follows:

## I. INTRODUCTION

Defendant's challenge to MVP's claim for interference with its easements has no merit. Easement holders have the right however to enforce their agreements against those that interfere, including third parties.

Defendant challenges MVP's claim for conspiracy based on the fact that MVP has only sued one of the alleged conspirators. But courts do not require plaintiffs to sue more than one conspirator or joint tortfeasor, and MVP submits that defendant's interpretation of *Gelber v. Glock*, 800 S.E.2d. 800 (Va. 2017), is unsound.

Finally, defendant contends Virginia's conspiracy statute is "void for vagueness." The statute is not however unconstitutionally vague on its face, nor as applied to defendant.

II. STANDARD OF REVIEW

Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges whether Counts One, Two, Four, and Six set out a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To survive the motion, the counts "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quotation marks omitted). A claim is facially plausible when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In resolving a Rule 12(b)(6) motion, courts accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiff's favor, and then determine whether they plausibly give rise to an entitlement to relief under the governing law. *Rivers v. United States*, No. 6:18-cv-61, 2020 WL 5526500, at *5 (Aug. 18, 2020), *R&R adopted*, 2020 WL 5790409 (W.D. Va. Sept. 28, 2020).

III. ARGUMENT

*A. Count One States a Claim for Interference with Easements*

Easements are real-property rights that are entitled to protection and that receive it. *Snead v. C & S Props. Holding Co.*, 692 S.E.2d 212, 215-16 (Va. 2010);

*Pizzarelle v. Dempsey*, 526 S.E.2d 260, 266 (Va. 2000); *Columbia Gas Transmission, LLC v. Grove Ave. Developers, Inc.*, 357 F. Supp. 3d 506, 528 (E.D. Va. 2019); *Restatement* (Third) *of Property (Servitudes)* § 8.1 (2000) ("A person who holds the benefit of a servitude under any provision of this Restatement has a legal right to enforce the servitude. Ownership of land intended to benefit from enforcement of the servitude is not a prerequisite to enforcement."); Michael Allen Wolf, *Powell on Real Property* § 34.17 (2005) (stating an easement holder is entitled to maintain an action for the infringement of his easement whether or not pecuniary loss has been suffered).

Defendant contends, incorrectly, that the easement may not be enforced against her because she is not party to the easement. Dkt. No. 9 at 2. An easement holder, however "is entitled to protection from acts of third parties that interfere with enjoyment of the easement. Such protection is available against third parties to the same extent that it is available against the servient estate owner." Jon W. Bruce, et al., *The Law of Easements & Licenses in Land* § 8:33 (March 2024 Update); *Restatement* (First) *of Property* § 450 (1944) ("An easement is an interest in land in the possession of another which . . . entitles [the easement holder] to protection as against third persons from interference in such use or enjoyment . . . ."); *Restatement* (Third) *of Property: Servitudes* § 8.2, cmt. (2000) ("In modern servitudes law, the full panoply of remedial choices is available to judges enforcing covenants as it is in enforcing easements and profits. Remedies may be selected on the basis of their appropriateness to the case, rather than the presence or absence of privity.").

Defendant cites *Hogan v. County of Lewis, N.Y.*, No. 7:11-cv-754, 2015 WL 1400496, at *5-6 (N.D.N.Y. Mar. 26, 2015), in which the plaintiff did not cite any support, under New York law, for a claim for interference against a defendant who was not party to the easement. It appears that the plaintiff failed to cite *Bloomingdales, Inc. v. New York City Transit Auth.*, 52 A.D.3d 120, 125-26 (N.Y. App. Div. 2008), *aff'd*, 915 N.E.2d 608 (N.Y. 2009), in which an easement holder was entitled to seek damages against a third party for interference with the easement.

In any event, the Court need look no further than the *Restatement* which sets forth the law on this point. As this Court has already held, a claim for interference can be made against a defendant who is not party to the easement. *Mountain Valley Pipeline, LLC v. Guidry*, Case No. 7:23-cv-727, Dkt. No. 15 (W.D. Va. Mar. 4, 2024). Cases from across the country recognize the right of an easement holder to protection against any interference. *See Willenberg v. Frye*, 3 N.W.3d 23, 28 (Minn. Ct. App. 2024) (quoting *Restatement*); *Normandin v. Encanto Adventures, LLC*, 441 P.3d 439, 442 (Ariz. 2019) (citing *Restatement* as "noting that easement holders have a property interest in the easement and are protected against interference from third parties"); *Cedar Beach/Cedar Island Supporters, Inc. v. Gables Real Est. LLC*, 145 A.3d 1024, 1029 (Me. 2016) ("The right of an easement holder to protect his interest in an easement against a stranger is 'absolute.'"); *Kepple v. Dohrmann*, 60 A.3d 1031, 1036 (Conn. App. 2013) (stating easement "can be protected from interference by third parties"); *Larson v. State*, 790 N.W.2d 700, 704 (Minn. 2010) (quoting *Restatement*); *Berezofsky v. Haesler*, No. A-5093-07T1, 2009 WL 2579462, at *6 (N.J. Super. Ct. App. Div. Aug. 24, 2009) (holding

that owner of easement may bring action for damages or injunctive relief against third party who interferes with easement); *Boyce v. Cassese*, 941 So. 2d 932, 941 (Ala. 2006) ("Easement holders are entitled to protection from interference from third parties . . . .") (quoting *The Law of Easements & Licenses in Land, infra,* § 1.4); *Fox River Valley R.R. Corp. v. Escanaba & Lake Superior R. Co.*, 527 N.W.2d 398 (Wis. Ct. App. 1994) (quoting *Restatement*); *Smith v. Scrap Disposal Corp.*, 96 Cal. App. 3d 525, 529 (Cal. Ct. App. 1979) ("As an easement holder, it also had the right to protect its interest against interference by third persons."); *Loew's Theatre v. First Am. Nat. Bank of Nashville*, 451 S.W.2d 689, 691 (Tenn. 1970) (quoting *Restatement*); *Smith v. Harris*, 311 P.2d 325, 333 (Kan. 1957) (quoting *Restatement*); *Winslow v. Sauerwein*, 285 S.W.2d 21, 25-26 (Mo. App. 1955) (holding that easement holder can maintain action to protect easement against encroachment by third parties and that an injunction is appropriate if damages are inadequate); *Lintner v. Augustine Furniture Co.*, 225 N.W. 193, 194 (Wis. 1929) (protecting easement holder from interference by third party); *Williams v. Esling*, 4 Pa. 486, 488 (1846) ("[T]he grant of a way is exclusive, at least as to strangers; and . . . every intrusion into the enjoyment of an exclusive right subjects the wrongful participant to an action by the owner of it.").

### *B. Counts Two and Three State Claims for Common Law and Statutory Conspiracy*

MVP acknowledges that the Court has dismissed its conspiracy claims in *Mountain Valley Pipeline, LLC v. Guidry*, Case No. 7:23-cv-727, Dkt. No. 36 (W.D. Va. June 21, 2024), because MVP did not sue more than one of the alleged conspirators.

MVP maintains however that a plaintiff is not required join multiple conspirators or joint tortfeasors in a single suit. *See, e.g., Spheretex GmbH v. Carbon-Core Corp.*, No. 3:20-cv-53, 2022 WL 1251315, at *5 (W.D. Va. Apr. 27, 2022) (collecting cases); *Hogan v. Miller*, 157 S.E. 540, 542 (Va. 1931). While defendant contends a different rule was applied in *Gelber v. Glock*, 800 S.E.2d at 821, the holding in that case was expressly limited to the specific facts of the case—plaintiffs did not prove damages and sought only rescission. *See, e.g, L-3 Commc'ns Corp. v. Serco, Inc.*, 926 F.3d 85, 88-89, 92 (4th Cir. 2019) (reversing summary judgment for defendant and remanding for trial on claims of common law and statutory conspiracy although alleged co-conspirator (Jaxson) was not named as defendant); *Com. Bus. Sys., Inc. v. Bellsouth Servs., Inc.*, 453 S.E.2d 261, 263, 267 (Va. 1995) (reversing summary judgment for defendant and remanding for trial on claims for common law and statutory conspiracy although alleged co-conspirator (Halifax) was not named as defendant); *but see NorthStar Aviation, LLC v. Alberto*, 332 F. Supp. 3d 1007, 1018 (E.D. Va. 2018) (dismissing conspiracy claim in suit against single conspirator).

### *C. The Virginia Conspiracy Statute Is Not Unconstitutionally Vague*

Defendant makes a separate challenge to MVP's claim for statutory conspiracy, contending that Virginia Code § 18.2-499 is unconstitutionally vague. Dkt. No. 9 at 6. This contention has no merit.

Because Virginia Code § 18.2-499 is being applied in the context of a civil action for damages, it "is subject to a less strict vagueness test." *Vill. of Hoffman Ests. v.*

*Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 498-99 (1982). There is a "greater tolerance of enactments with civil rather than criminal penalties because of the consequence of imprecisions are qualitatively less severe." *Id*. In a civil context, a statute will generally not be held to be unconstitutionally vague unless it is "so vague and indefinite as really to be no rule or standard at all." *Boutilier v. Immigr. & Naturalization Serv.*, 387 U.S. 118, 123 (1967); *cf. Sessions v. Dimaya*, 584 U.S. 148, 156-57 (2018) (holding that the lenient standard for statutes in civil cases does not apply to civil deportation cases).

Defendant contends that a stricter test applies because the statute infringes on their First Amendment rights. Dkt. No. 9 at 7-8. This is not correct because defendant has no First Amendment right to block a public road or interfere with access to MVP's easements. *Cameron v. Johnson*, 390 U.S. 611, 615-17 (1968) (upholding statute that prohibited picketing which obstructs or unreasonably interferes with free ingress or egress to and from public buildings and property); *Lloyd v. Tanner*, 407 U.S. 551, 568 (1972) ("The United States Constitution does not forbid a State to control the use of its own property for its own lawful nondiscriminatory purpose."); *Adderley v. State of Fla.*, 385 U.S. 39, 48 (1966) (holding private property being used for a lawful purpose is entitled to protection); *Chaves v. Johnson*, 335 S.E.2d 97, 103 (Va. 1985) (stating that constitutional guarantees have never been construed to protect either criminal or tortious conduct).

Defendant contends that the statute is unconstitutionally vague on its face because it prohibits persons from combining for the purpose of willfully and maliciously injuring another in his business "by any means whatever." Dkt. No. 9 at 8 (quoting §

18.2-499). Defendant argues that this language may prohibit lawful actions against the pipeline such as "boycotts, pickets, social media and other public relations campaigns." *Id*. at 9. But as the Virginia Supreme Court has interpreted the statute, it would not apply to lawful actions taken to oppose the project.

The Supreme Court of Virginia has held that, § 18.2-499 applies only when the defendant has acted "with legal malice" or "intentionally, purposely, and without lawful justification." *Dunlap v. Cottman Transmission Sys., LLC*, 754 S.E.2d 313, 317 (Va. 2014) (quoting *Com. Bus. Sys., Inc. v. Bellsouth Servs., Inc.*, 453 S.E.2d 261, 267 (Va. 1995)). An action will "lie only if a plaintiff sustains damages as a result of an act that is itself wrongful or tortious." *Id*. Thus, the statute requires "some criminal or unlawful purpose or some lawful purpose by a criminal or unlawful means." *Bellsouth Servs.*, 453 S.E.2d at 267. Therefore, an action for statutory conspiracy "generally requires proof that an underlying tort was committed." *Dunlap*, 754 S.E.2d at 317 (quoting *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. 2007)).

As the Supreme Court has said, "[I]n evaluating a facial challenge to a state law, a federal court must, of course, consider any limiting construction that a state court or enforcement agency has proffered." *Kolender v. Lawson*, 461 U.S. 352, 355 (1983) (quoting *Vill. of Hoffman Ests.*, 455 U.S. at 494); *see Capital Assoc. Indus., Inc. v. Stein*, 922 F. 3d 198, 210 (4th Cir. 2019).[1] Also, "a scienter requirement may mitigate a law's

---

1. Defendant suggests that this rule was not followed in *United States v. Davis*, 588 U.S. 445, 448 (2019), but that case did not involve a challenge to a state statute. Of course, a federal court can determine the vagueness of a federal statute in the first instance. *Id.*

vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Vill. of Hoffman Ests.*, 455 U.S. at 499. Because the Supreme Court of Virginia has construed § 18.2-499 as applying only to unlawful conduct, defendant cannot show it is unconstitutionally vague on its face.

In any event, the Court should "consider whether a statute is vague as applied to the particular facts at issue, for a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *United States v. Hasson*, 26 F.4th 610, 616 (4th Cir. 2022) (quoting *Holder v. Humanitarian L. Project*, 561 U.S. 1, 18-19 (2010)) (quotations and alterations omitted).

Citing no legal authority, defendant argues that, if the statute is not void on its face, "it is unconstitutional as applied to those prosecuted and sued for principled acts of nonviolent civil disobedience in the tradition of Gandhi and Martin Luther King, Jr." Dkt. No. 9 at 14-15. Defendant states that "nonviolent protest" is not malicious. *Id.* at 15. But defendant was not prosecuted for protesting, she was prosecuted interfering with property rights in violation of Virginia Code § 18.2-121. And defendant is being sued for interference with MVP's easements. There can be no doubt that § 18.2-499 applies to this underlying torts and unlawful action. The statute is not vague as applied to defendant's conduct.

In assessing defendant's contention that the statute is void, the Court should consider the statute's history and the cases that have upheld verdicts under it. The statute has been applied in numerous reported state cases and federal cases. *E.g., Adnet, Inc. v. Soni*, 66 F.4th 510, 521 (4th Cir. 2023); *L-3 Commc'ns Corp. v. Serco, Inc.*, 926 F.3d 85,

92 (4th Cir. 2019); *Sidya v. World Telecom Exch. Commc'ns, LLC*, 870 S.E.2d 199, 204 (Va. 2022); *Dunlap v. Cottman Transmission Sys., LLC*, 754 S.E.2d 313, 317 (Va. 2014). There is no case finding it unconstitutionally vague or void. Finally, the courts have upheld similar statutes against claims of vagueness. *See Heard v. Rizzo*, 281 F. Supp. 720, 738-39 (E.D. Pa. 1968), *aff'd,* 392 U.S. 646 (1968); *Aikens v. State of Wisconsin*, 195 U.S. 194, 203-04 (1904).

Defendant has given notice of their constitutional challenge to the Attorney General of Virginia as required by Rule 5.1. The Court must wait until the Attorney General intervenes, or the time to intervene has expired, before entering an order holding the statute unconstitutional. Fed. R. Civ. P. 5.1(c). However, the Court may reject the constitutional challenge before the time to intervene has expired. *Id.*

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss under Rule 12(b)(6) should be denied.

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
VSB No. 16616
Seth M. Land
VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, Virginia 24212
Telephone: 276-628-5151
Facsimile: 276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By *[/s/ Wade W. Massie]*
Wade W. Massie

CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2024, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Wade W. Massie*
Wade W. Massie