IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MADELINE FFITCH, ) <br> ) <br> Defendant. ) | Case Number: 7:24CV00254 |

### DEFENDANT'S RESPONSIVE PLEADINGS TO COMPLAINT

Now comes Defendant Madefline Ffitch (hereinafter "Ffitch"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, and responds as follows to the Complaint filed against her by Plaintiff Mountain Valley Pipeline, LLC ("MVP").

I.  Response to Amended Complaint

Without waiving any other objection to the legal sufficiency of the Complaint which she has raised or may raise, including the Complaint's failure to state a claim upon which relief can be granted and this Court's lack of jurisdiction to hear MVP's claims, Ffitch answers or otherwise responds to the Complaint with corresponding numbered paragraphs. To the extent that any allegation is not admitted, it is denied, either on the basis that Ffitch affirmatively knows the allegation to be untrue or on the basis that Ffitch lacks sufficient knowledge or information to attest that the allegation is true, except to the extent Fftich has asserted her Fifth Amendment right against self-incrimination and her corresponding right under Va. Const. Art. I, § 8 to any allegation in the Complaint. Ffitch respectfully requests and reserves the right to amend, alter, and supplement the Answer and its defenses, should facts and circumstances currently unknown be revealed through the course of litigation. Ffitch responds to the

numbered paragraphs of the Complaint as follows:

1. The categorization of Ffitch and her activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Ffitch is required to answer this paragraph, Ffitch lacks sufficient information to admit or deny the status of MVP's work authorization on the site in question. Thus, to the extent that MVP alleges that any purported activities described in the Complaint could have "interfered with authorized work[,]" Ffitch lacks sufficient information to admit or deny that allegation, and therefore denies the same. Ffitch denies that the referenced Closure Order was validly enacted and denies that the Closure Order may be used against her adversely in any way. With respect to the remaining allegations as to Ffitch in paragraph 1, Ffitch asserts her Fifth Amendment right against self-incrimination and her corresponding right under Va. Const. Art. I, § 8 and respectfully declines to answer on that basis.

2. Ffitch lacks sufficient information to admit or deny paragraph 2 of the Complaint.

3. Without making any admission with respect to its applicability to the particular site in question and without conceding the constitutionality of the Fiscal Responsibility Act of 2023, Ffitch admits that work on the project is generally authorized under said legislation to the extent it is constitutional. Notwithstanding the conclusory Congressional findings set forth in § 324(b) of the Fiscal Responsibility Act, Ffitch denies that the MVP project is in the public interest.

4. The categorization of Ffitch and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Ffitch is required to answer this paragraph, Ffitch admits she holds a viewpoint opposed to the MVP project, but otherwise asserts her Fifth Amendment right against self-incrimination and her corresponding right under Va. Const. Art. I, § 8 and respectfully declines to answer on that basis.

5. This paragraph states a legal conclusion, to which no response is required. To the extent that this Court requires a response, Ffitch denies that this action is properly brought under 28 U.S.C. § 1331.

6. This paragraph states a legal conclusion, to which no response is required. To the extent Ffitch is required to respond to this paragraph, Ffitch admits that the referenced Records of Decision, Right of Way Grant, Temporary Use Permit, and Closure Order are included in MVP's Complaint, but denies that the inclusion thereof necessarily confers jurisdiction upon this Court.

7. This paragraph states a legal conclusion, to which no response is required. To the extent Ffitch is required to respond to this paragraph, Ffitch admits that the Fiscal Responsibility Act ratified and approved the May 15 and May 17 Records of Decision, but denies that the Fiscal Responsibility Act ratified and approved the Right of Way Grant, Temporary Use Permit, and Closure Order, all of which were issued subsequent to the enactment of the Fiscal Responsibility Act.

8. This paragraph states a legal conclusion, to which no response is required. To the extent that this Court requires a response, Ffitch does not dispute the propriety of venue, subject to Ffitch's reserved objection to federal question jurisdiction.

9. Ffitch generally lacks sufficient information to admit or deny paragraph 9 of the Complaint, but admits that the MVP project crosses the Jefferson National Forest in Giles County, Virginia.

10. Ffitch lacks sufficient information to admit or deny the factual allegation in this paragraph, but admits that the document referenced therein is attached as Exhibit 1 of the Amended Complaint.

11. Ffitch lacks sufficient information to admit or deny the factual allegation in this paragraph, but admits that the document referenced therein is attached as Exhibit 2 of the Amended Complaint.

12. Ffitch lacks sufficient information to admit or deny the factual allegation in this paragraph, but admits that the documents referenced therein are attached as Exhibits 3 and 4 of the Amended Complaint.

13. Ffitch lacks sufficient information to admit or deny the factual allegation in this paragraph, but admit that the document referenced therein is attached as Exhibit 5 of the Amended Complaint.

14. The categorization of Ffitch and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Ffitch is required to respond to this paragraph, Ffitch asserts her Fifth Amendment right against self-incrimination and her corresponding right under Va. Const. Art. I, § 8 and respectfully declines to answer on that basis.

15. The categorization of Ffitch and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Ffitch is required to respond to this paragraph, Ffitch asserts her Fifth Amendment right against self-incrimination and her corresponding right under Va. Const. Art. I, § 8 and respectfully declines to answer on that basis.

16. The categorization of Ffitch and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Ffitch is required to answer this paragraph, Ffitch asserts her Fifth Amendment right against self-incrimination and her corresponding right under Va. Const. Art. I, § 8 and respectfully declines to answer on that basis,

except that Ffitch lacks sufficient information to admit or deny that MVP suffers expenses.

17. The categorization of Ffitch and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Ffitch is required to respond to this paragraph, Ffitch asserts her Fifth Amendment right against self-incrimination and her corresponding right under Va. Const. Art. I, § 8 and respectfully declines to answer on that basis.

18. The categorization Ffitch's purported activity as "willful[ ], intentional[ ], and malicious[ ]" is a legal conclusion, to which no response is required. To the extent Ffitch is required to respond to this paragraph, and that this paragraph asserts that Ffitch has engaged in unlawful behavior, Ffitch generally asserts her Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully declines to answer on that basis. Ffitch lacks sufficient information to admit or deny allegations that MVP had "rights" to perform any work purportedly interfered with, and that any such work was "allowed under the Right of Way Grant and Temporary Use Permit[,]" and any such allegations implicit in any portion of the remainder of the Complaint. Ffitch denies that the Closure Order grants MVP any rights or allows any work.

19. Ffitch lacks sufficient information to admit or deny that MVP has sustained damages and costs as a direct and proximate result of any purported protest activities alleged in the Complaint generally. To the extent this paragraph implicitly alleges any purported action(s) of Ffitch, Ffitch asserts her Fifth Amendment right against self-incrimination and her corresponding right under Va. Const. Art. I, § 8 and respectfully declines to answer any such allegations on that basis.

20. Ffitch lacks sufficient information to admit or deny that MVP has sustained

irreparable harm. Ffitch denies that MVP is entitled to preliminary and permanent injunctive relief. To the extent this paragraph implicitly alleges any purported action(s) of Ffitch, Ffitch asserts her Fifth Amendment right against self-incrimination and her corresponding right under Va. Const. Art. I, § 8 and respectfully declines to answer any such allegations on that basis.

21.     Paragraph 21 solely restates and incorporates previous allegations. Ffitch incorporate her prior responses in this pleading.

22.     Ffitch generally asserts her Fifth Amendment right against self-incrimination and her corresponding right under Va. Const. Art. I, § 8 and respectfully declines to answer on that basis. With respect to the allegations that MVP had "rights" under the Right of Way Grant and Temporary Use Permit that were purportedly "violated" by the purported protest activities alleged in the Complaint, these allegations are legal conclusions to which Ffitch is not required to answer, but to the extent an answer is required, Ffitch lacks sufficient information to admit or deny the existence or extent of MVPs rights, except that Ffitch denies that MVP has any rights under the Closure Order.

23.     Ffitch lacks sufficient information to admit or deny that MVP has sustained damages and costs as a direct and proximate result of any purported protest activities alleged in the Complaint generally. Ffitch denies that MVP is entitled to preliminary and permanent injunctive relief. To the extent this paragraph implicitly alleges any purported action(s) of Ffitch, Ffitch asserts her Fifth Amendment right against self-incrimination and her corresponding right under Va. Const. Art. I, § 8 and respectfully declines to answer any such allegations on that basis.

24.     The remaining allegations in the Complaint in paragraphs 24-44 (Counts Two and Three) have been dismissed by the Court and therefore do not require a response. To the extent a

response is required, Ffitch incorporates all prior relevant responses in this pleading and, to the extent the remaining allegations allege any purported action(s) of Ffitch and/or any purported co-conspirators, Ffitch asserts her Fifth Amendment right against self-incrimination and her corresponding right under Va. Const. Art. I, § 8 and respectfully declines to answer any such allegations on that basis.

25. Any allegations which Ffitch does not answer above for lack of sufficient information are denied. Any allegations in the Complaint Ffitch does not expressly admit above are expressly denied, except to the extent Ffitch has asserted her Fifth Amendment right against self-incrimination and her corresponding right under Va. Const. Art. I, § 8 to any allegation in the Complaint.

26. Ffitch denies that MVP is entitled to any relief whatsoever.

<u>Affirmative Defenses.</u>

1. The Court lacks subject matter jurisdiction.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Forest Order No. 08-08-11-23-161 (the "Closure Order") was imposed in excess of Forest Supervisor Joby Timm's statutory authority under 16 U.S.C. § 551 and inconsistently with the Congressional delegation of authority to the Forest Service in violation of 36 C.F.R. § 261.50, or, alternatively, without notice and comment in violation of the Administrative Procedure Act, 5 U.S.C.A. § 553. Additionally, said Order was not published in the Federal Register as required by the Administrative Procedure Act, 5 U.S.C.A. § 552. The Closure Order is therefore void, or, in the alternative, even if the Order is not void, any purported violation thereof cannot be used adversely against Defendants in any way, including as a basis to establish Defendants' liability in the instant litigation.

7

4.      Plaintiff's claims and requested remedies are barred in whole or in part by the doctrine of unclean hands, including but not limited to Plaintiff's history of extensive violations of environmental laws.  *See*, *e.g.*, *Sierra Club v. WV DEP*, 64 F.4th 487 (4th Cir. 2023) (outlining MVP's extensive history of permit and water quality violations and noting that MVP's "activities threaten serious harm in the absence of proper environmental controls"); *see also Sierra Club v. Federal Energy Regulatory Commission*, 68 F.4th 630 (D.C. Cir. 2023) (vacated as moot) (outlining MVP's extensive history of dozens of permit and water quality violations); *Sierra Club, Inc. v. U.S. Forest Serv.*, 897 F.3d 582 (4th Cir. 2018) (vacating authorization for the pipeline to cross approximately 3.5 miles of the Jefferson National Forest in West Virginia and Virginia).

5.      Plaintiff's request for injunctive relief is foreclosed by the absence of irreparable harm, the presence of adequate remedies at law, and the mootness doctrine.  The pipeline has already been constructed and is currently operational.

6.      Plaintiff's claims and requested remedies are barred in whole or in part by the First Amendment to the United States Constitution and Va. Const. Art. I, § 12, to the extent it seeks to enjoin lawfully protected speech and activity (e.g., encouraging, promoting, and soliciting contributions to support acts of protest) and relies upon lawfully protected speech and activity (e.g., displaying a banner and making a video for social media) to establish liability.

7.      To the extent MVP suffered any damages, MVP failed to fully mitigate such and take reasonable care to reduce any purported damages and losses, and to the extent MVP suffered any damages, it did so as a result of its own action(s) or omission(s), the action(s) or omission(s) of its agents, or the action(s) or omission(s) of persons or entities other than Defendants and/or their purported co-conspirators.  This contention will likely have evidentiary support after a reasonable opportunity for discovery.

8

8. MVP has failed to comply with applicable laws and provisions of its right-of-way grant. This contention will likely have evidentiary support after a reasonable opportunity for discovery.

9. To the extent that any damages to MVP are economic losses stemming from deviations in the terms of contracts between MVP and its contractor(s) and/or agent(s), MVP's proper remedy is to sue its contractor(s) and/or agent(s) for the delays and for otherwise failing to abide by schedules and standards in any such contracts.

10. To the extent that MVP has an insurance policy or contract provisions that include recovery for any alleged injuries described in the Complaint, such costs are not recoverable in this lawsuit.

11. Ffitch specifically pleads and incorporates by reference as an affirmative defense all applicable caps, limitations, and set-offs upon any award of damages, both compensatory and punitive, which are provided by law.

12. MVP's request for punitive damages in barred by the Constitutions of the Commonwealth of Virginia and the United States.

13. Ffitch reserves the right to assert any matter constituting a defense as a matter of law, including, without limitation, all defenses recited in Rule 12 of the Federal Rules of Civil Procedure, as the evidence adduced in this matter warrants.

DEFENDANT DEMANDS TRIAL BY JURY ON ALL CLAIMS AND ISSUES TRIABLE TO A JURY.

                                            MADELINE FFITCH

                                        By:  /s/ Jonathan Sidney
                                                  Jonathan Sidney

Jonathan Sidney, *Pro Hac Vice*
Colorado Bar No. 52463
Ohio Bar No. 0100561
Climate Defense Project
P.O. Box 97
Forest Hill, WV
Email: jsidney@climatedefenseproject.org
Telephone: (510) 318-1549

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
111 Franklin Road, S.E., Suite 200
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050
Email: pbeers@glennfeldmann.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2025, I electronically filed the foregoing Responsive Pleadings to Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Jonathan Sidney
Jonathan Sidney